IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LISA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-mc-00012-PLR-HBG |
| | ) | |
| PIXELRANGE, INC. and DTI, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DTI, INC. TO PLAINTIFF'S FIRST AND SECOND MOTIONS FOR ORDER TO DISBURSE GARNISHED FUNDS**

COMES NOW DTI, Inc. ("DTI"), by and through undersigned counsel, and responds to Plaintiff Lisa Brown's Motion for Order to Disburse Garnished Funds [Doc. 7] and Second Motion for Order to Disburse Garnished Funds [Doc. 13] as follows:

**I. Because the Judgment against DTI is Void, the Court Should Deny Plaintiff's Motions and Order Garnishee Pinnacle Bank to Return the Garnished Funds to DTI.**

For all of the reasons set forth in DTI's Motion to Set Aside Judgment, to Quash Garnishment, and for Return of Garnished Funds [Doc. 10], the judgment against DTI is void. "[A] void judgment is no judgment at all and is without legal effect." Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974).

> A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon. Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or impeachment in any proceedings, direct or collateral, and at any time or place, at least where the invalidity appears upon the face of the record. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All

proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose. In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before the trial.

First Seneca Bank v. Greenville Distrib. Co., 533 A.2d 157, 162 (Pa. Super. Ct. 1987) (quoting 46 Am. Jur. 2d Judgments § 49).

Accordingly, if this Court grants DTI's motion to set aside the judgment as void, the writ of garnishment [Doc. 3] issued to garnishee Pinnacle Bank must necessarily be quashed, and all garnished funds (currently being held by Pinnacle Bank pending further order of the Court) should be ordered returned to DTI immediately.

**II.     The Additional $11,675.17 in Garnished Funds as Listed in Pinnacle Bank's Amended Answer to Garnishment are not Subject to Garnishment and Must be Released to DTI.**

Because garnishee Pinnacle Bank has improperly treated the writ of garnishment [Doc. 3] issued by this Court as a continuing garnishment in violation of Tennessee law, the additional $11,675.17 in garnished funds as stated in Pinnacle Bank's Amended Answer to Garnishment [Doc. 8] are not subject to garnishment. Accordingly, this Court should deny Plaintiff's Second Motion for Order to Disburse Garnished Funds [Doc. 13] with respect to the $11,675.17 in additional funds and, regardless of whether the Court grants or denies DTI's Motion to Set Aside Judgment, to Quash Garnishment, and for Return of Garnished Funds [Doc. 10], order garnishee Pinnacle Bank to return the $11,675.17 that it improperly claims to hold subject to the garnishment.

Procedures for execution, garnishment, and other post-judgment matters in federal court are governed by the law of the state where the federal district court is located. See Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located,

but a federal statute governs to the extent it applies."). Accordingly, the law of Tennessee applies to Plaintiff's garnishment issued to Pinnacle Bank.

In Tennessee, "Tenn. R. Civ. P. 69.05 and Tenn. Code Ann. §§ 26-2-201 through 224 address the use of garnishment as a means of execution on judgments." McKee-Livingston v. Livingston, No. M2009-00892-COA-R3-CV, slip op. at 3 (Tenn. Ct. App. Jan. 21, 2010). While Tennessee law requires a garnishee to provide in its answer to a garnishment a response to the inquiry "[w]hether such garnishee had in possession or under such garnishee's control any property, debts, or effects belonging to the defendant, at the time of serving the notice, or has at the time of answering, or has had at any time between the date of service and the time of answering; if so, the kind and amount," see T.C.A. § 26-2-204(2), the garnishment itself applies only to property in the hands of the garnishee at the time of service of the garnishment. See Tenn. R. Civ. P. 69.05.

> The garnishee by the next business day after service shall ascertain whether the garnishee holds property of the debtor. If so, the garnishee shall mail one copy of the writ of garnishment with the notice to the last known address of the judgment debtor. **Where the garnishee is a financial institution, the balance in the judgment debtor's accounts on the night of the service date is the amount subject to that garnishment writ.**

Tenn. R. Civ. P. 69.05(3) (emphasis added). Thus, Tennessee law is abundantly clear that only the funds in DTI's accounts on the night of the date of service of the writ of garnishment were subject to the garnishment.

Here, the U.S. Marshalls Service served the writ of garnishment on garnishee Pinnacle Bank on March 2, 2018 [Doc. 5]. Pinnacle Bank filed its initial Answer [Doc. 4] to the writ of garnishment on March 5, 2018. The Answer states that Pinnacle Bank is holding the sum of $63,855.77, "which the Garnishee had in its possession or control at the time of service [i.e., March 2, 2018]." The Answer further provides that the same amount ($63,855.77) was in

Pinnacle Bank's possession or control at the time of answering the garnishment (i.e., on March 5, 2018) and that no additional funds came into Pinnacle Bank's possession or control "between the time of service and answer."

Three days later, on March 8, 2018, Pinnacle Bank filed an Amended Answer [Doc. 8] to the writ of garnishment, despite no requirement or legal authority to do so under Tennessee law. The Amended Answer provides that the amount of $63,855.77 was in Pinnacle Bank's possession or control at the time of service, that an additional $11,675.17 came into its possession between the time of service and answer, and that the total amount purportedly held subject to the garnishment is $75,530.94.

Based on the statements contained in the Answer [Doc. 4] and Amended Answer [Doc. 8] of Pinnacle Bank to the writ of garnishment, there is no question that the additional $11,675.17 of DTI's funds held by Pinnacle Bank was not in any of DTI's accounts at the time of service of the writ of garnishment on March 2, 2018. The additional $11,675.17 is therefore not subject to garnishment. See Tenn. R. Civ. P. 69.05(3) ("Where the garnishee is a financial institution, the balance in the judgment debtor's accounts on the night of the service date is the amount subject to that garnishment writ."); see also SunTrust Bank v. Burke, 491 S.W.3d 693, 697-98 (Tenn. Ct. App. 2015) (holding that only a wage garnishment to an employer creates a continuing obligation on the part of the garnishee).

WHEREFORE, for the reasons stated herein, DTI requests that this Court deny both Plaintiff's Motion for Order to Disburse Garnished Funds [Doc. 7] and Plaintiff's Second Motion for Order to Disburse Garnished Funds [Doc. 13] because the underlying judgment that Plaintiff seeks to enforce is void. Alternatively, DTI requests that the Court deny Plaintiff's Second Motion for Order to Disburse Garnished Funds [Doc. 13] because the additional $11,675.17 in

funds held by Pinnacle Bank are not subject to garnishment. The Court should order the garnished funds returned to DTI immediately.

Respectfully submitted this the 26th day of March, 2018.

        LACY, PRICE & WAGNER, P.C.

        By: /s/ Michael R. Franz
            James H. Price (BPR #016254)
            W. Allen McDonald (BPR #016210)
            Michael R. Franz (BPR #031664)
            249 N. Peters Road, Ste. 101
            Knoxville, TN  37923
            (865) 246-0800
            *Attorneys for DTI, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

        /s/ Michael R. Franz
        Michael R. Franz (BPR #031664)