UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LISA BROWN, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   NO. 3:17-mc-00012 |
| | )       REEVES/GUYTON |
| PIXELRANGE, INC. and DTI, INC., | ) |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant DTI's motion to require Plaintiff and her counsel to pay into the registry of the Court a sum of $75,889.18—the total of all funds garnished from Defendant's bank accounts—and any amounts collected from Defendant in the future, pending appeal of this Court's June 20, 2018 order denying Defendant's motion to set aside the judgment, and granting Plaintiff's motion to disburse funds from Defendant's bank [D. 27]. For the reasons given below, Defendant's motion will be DENIED.

**I.    BACKGROUND**

The facts of this case were described in the previous order, entered on June 20, 2018 [D. 25, at 1-3]. In that order, this Court denied Defendant's motion to set aside a judgment entered in the Central District of California (subsequently registered in the Eastern District of Tennessee [D. 1]), and granted Plaintiff's motion to disburse the funds she was entitled to under that judgment, within seven days after July 20, 2018 [D. 25].[1] Defendant appealed the order on July 20, 2018 [D.

---

[1] The June 20 order requires the disbursement of $75,889.18, payable to Plaintiff. The amount only reflects the money Defendants had in their possession at the time, not the amount Plaintiff is entitled to. Plaintiff is entitled to a total of $228,881.98 under the terms of the Judgment [D. 25, at 2].

1

26; 6th Cir. Case No. 18-5745]. The morning of July 23, the funds disbursed; that evening, Defendant filed the motion now before this court [D. 29-1, ¶ 2].[2]

## II. DISCUSSION

The parties dispute the proper legal standard for this motion. Defendant brings the motion "pursuant to" Fed. R. Civ. P. 62 and 28 U.S.C. § 2041 [D. 27, at 1-2]. Specifically, it maintains § 2041 is "the statute that authorizes the deposit of disputed funds into the registry of the court," and suggest this same statute "obviously" gives the Court discretion to order monies to be paid into court [D. 31, at 3-4]. With respect to Rule 62, Defendant informs the Court that subsections (c) and (g) form the basis of its motion, and disavow any reliance on subsections (a) and (d) [*See generally* D. 31].

Plaintiff, for her part, argues that neither Rule 62 nor § 2041 should apply [D. 29, 2-3], and appears to believe Defendant has no cause of action. Regarding Rule 62, Plantiff argues it does not pertain because Defendant is not appealing from the judgment "itself" [*Id.* at 2], and because the motion was made after the funds disbursed [*Id.* at 3]. She then argues § 2041 should not apply because, essentially, the statute only takes effect after the money is paid into court [*Id.* at 3]. The Court will consider Defendant's justifications and Plaintiff's rebuttals under both Rule 62 and § 2041 in turn.

### A. Fed. R. Civ. P. 62: Stay of Judgments

#### 1. Overview

Unless a court issues a stay, the trial court's judgment normally takes effect despite a pending appeal. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1764 (2015); *see also* Charles Allan Wright et

---

[2] In his declaration, Plaintiff's attorney says Pinnacle Bank (the bank holding the funds) contacted him on the morning of *June* 23, 2018, and that Defendant filed the motion "that evening" [D. 29-1, ¶ 2]. In context, this appears to be a mistake. Presumably, the funds disbursed on the morning of *July* 23—the day this motion was in fact filed [D. 27].

2

al., 16A *Federal Practice and Procedure* § 3954, Westlaw (Apr. 2018 update). A 14-day automatic stay on execution will generally go into effect upon entry of judgment, except when judgment enters in an action for injunction or receivership, or in an order for accounting in an action for patent infringement. FED. R. CIV. P. 62(a), (a)(1)-(2). Otherwise, when seeking to stay a judgment or order pending appeal, a party must ordinarily move first in the district court. FED. R. APP. P. 8(1).

District courts must order discretionary stays in accordance with Fed. R. Civ. P. 62, and the applicable legal standard varies with the type of judgment. Charles Allan Wright et al., 11 *Federal Practice and Procedure* § 2902, Westlaw (Apr. 2018 update). If a party seeks a stay pending the disposition of a motion before the trial court, Rule 62(b) ("Stay Pending the Disposition of a Motion") applies. If the stay is sought pending appeal on an injunction, the court looks to Rule 62(c) ("Injunction Pending an Appeal"). Rule 62(d) ("Stay with Bond on Appeal") is available in any action, *except* those described in Rule 62(a)(1) (injunctions and receiverships) or (a)(2) (accounting in patent infringement). Subsections (e)-(h) provide miscellaneous clarifications and exceptions.[3]

Under 62(d) the stay will issue as a matter of right if a supersedeas bond is posted in accordance with the Federal Rules. FED. R. CIV. P. 62(d); *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.* 87 S.Ct. 1, 3 (1966); *Bowman v. PHP Companies, Inc.*, No. 3:04-CV-114, 2007 WL 1577683, at *1 (E.D. Tenn. May 31, 2007). The court may also allow the appellant to obtain a stay without bond if they can show there are adequate resources to satisfy the judgment.

---

[3] In its motion and reply, Defendant cites subsection (g) as authority for its motion [D. 27, at 2 ("62(c) and 62(g) together embody the principle that district courts have an inherent power to maintain the status quo pending appeal"); D. 31, at 2]. Subsection (g) allows that the general provisions of Rule 62 do not limit the power of an *appellate court* to issue a stay or order preserving the status quo. Fed. R. Civ. P. 62(g) (emphasis added). It does not give the district court power to do anything.

3

*Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003); *Contract Mgmt. Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2013 WL 870605, at *2 (E.D. Tenn. Mar. 7, 2013).

On the other hand, when the judgment is for an injunction, 62(c) gives the court power to make whatever order is necessary to preserve the status quo. FED. R. CIV. P. 62(c); Wright, *supra*, at § 2904. For the court to grant a stay under 62(c), the movant must show they are: i) likely to succeed on the merits of the appeal; ii) establish that they will suffer irreparable injury in the absence of a stay; iii) no substantial harm will result to other interested parties; and iv) that a stay would do no harm to the public interest. *See*, *e.g.*, *U.S. v. Puckett*, 573 F. Supp. 713, 716 (E.D. Tenn. 1981); *Hilton v. Braunskill*, 480 U.S. 770, 776 (1987).

As mentioned, Plaintiff suggests Rule 62 does not apply at all. Defendant argues for a stay under 62(c), and contends it is not seeking a stay of execution under 62(d) (conceding a supersedeas bond would be necessary if they were). Accordingly, the Court must first address whether Rule 62 is relevant to this motion, and, if so, whether the Court should apply the rule of subsection (c) or (d) in this case.

### 2. Application of Rule 62 to This Motion

Plaintiff contends Rule 62 is not appropriate because the appeal is not from the judgment "itself" [D. 29, at 2]. Without further explanation, the Court is not sure how to understand this argument. Presumably, Plaintiff has in mind Defendant's appeal from the Court's June 20 order to *disburse* funds, which was ancillary to the underlying *judgment* for damages [D. 1].

Plaintiff's distinction does not make a difference in this circumstance. The Federal Rules of Appellate Procedure provide that a party must move in the district court for a "stay of the *judgment or order* of a district court pending appeal." FED. R. APP. P. 8(a)(1) (emphasis added); *see*

*Order*, Black's Law Dictionary (4th pocket ed. 2011) ("The word generally embraces final decrees as well as interlocutory directions or commands."). Fed. R. Civ. P. 62 ("Stay of Proceedings to *Enforce* a Judgment"[4]) provides the corresponding roadmap for appellants who would like to postpone execution of the judgment in district court. Taken together, Appellate Rule 8 and Rule 62 give the district court power to stay many types of orders related to the underlying judgment pending appeal, and do not indicate a court may only issue a stay when the appeal is from the judgment itself.

Moreover, Defendant does in fact seek to void the judgment on appeal [6th Cir. 18-5745, D. 14], and the June 20, 2018 order (that serves as the basis for the instant appeal) rules on Defendant's motion to set aside the judgment in addition to the order to disburse funds [D. 25]. Defendant's motion is admittedly not styled as a motion for a stay pending appeal. But because Defendant is, in substance, asking this Court to stay enforcement of the stipulated judgment pending appeal, and because other courts have applied Rule 62 in similar circumstances,[5] Rule 62 makes sense here—despite the motion's unusual presentation.

Plaintiff also argues it is "too late" to stay the Court's order, because the funds have been disbursed and the stay would only take effect after the court approves the supersedeas bond. Rule 62 has no time-bar—it allows the posting of bond upon or *after* filing the notice of appeal, suggesting the district court can order a stay at any time while appeal is pending. FED. R. CIV. P. 62(d). If Defendant were to post bond now, after the funds have disbursed, the Court would have to determine whether the stay would apply retroactively.[6] But even if the stay were not retroactive,

---

[4] Emphasis added.

[5] *See, e.g., Strong v. Laubach*, 443 F.3d 1297 (10th Cir. 2006); *Secure Eng'g Servs., Ltd. v. Int'l Tech. Corp.*, 727 F. Supp. 261 (E.D. Va. 1989); *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, No. 09-CV-11067, 2010 WL 3582542 (E.D. Mich Sept. 10, 2010); *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. Of Levee Comm'rs of The Orleans Levee Dist. and State of Louisiana*, 493 F.3d 570, 574 (5th Cir. 2007).

[6] *See generally Secure Eng'g Servs.*, *supra* note 5. Because Defendants have not posted bond, the Court will not address whether the stay could apply retroactively at this time.

Defendant still owes money to Plaintiff, and therefore has a concrete interest in staying any further disbursement pending decision on appeal.

For these reasons, Rule 62 pertains to this case. The Court must now determine which subsection of the rule should determine the outcome.

### 3. 62(c) v. 62(d)

As explained above, Defendant argues for a stay under Rule 62(c), and disclaims its argument under 62(d).

Rule 62 is not a menu from which Defendant can choose the legal rule it finds most appetizing. Subsection (c) gives the district court expanded power in specific types of cases to suspend, modify, restore, or grant an *injunction* on terms for bond *or other terms that secure the opposing party's rights*. FED. R. CIV. P. 62(c) (emphasis added). Subsection (d) is more restrictive; enforcement is stayed only upon the posting of the bond, or if the party seeking the stay can show they have adequate resources to waive the bond. *Am. Mfrs. Mut. Ins. Co.*, 87 S.Ct. at 3; *Arban*, 345 F.3d at 409. If a party cannot furnish the bond, they simply assume the risk of getting their money back if judgment is reversed on appeal. Wright, *supra*, at § 2904. Monetary injuries, necessarily expended in the absence of a stay, do not count as irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Babler v. Futhey*, 618 F.3d 514, 523-24 (6th Cir. 2010).

The judgment in this case is for money damages [D. 1, at 3]. Because there is no injunction at issue, the Court will not take into account the four-factor test used to consider staying an injunction under Rule 62(c). Defendant may only seek a stay in the manner prescribed by Rule 62(d) for this type of case—posting a supersedeas bond.

Because Defendant has not posted bond, and has not shown adequate resources to justify waiving bond, this Court will not grant a stay under Rule 62.

## B. Court's Power to Order Deposit

### 1. Fed. R. Civ. P. 67 & 28 U.S.C. §§ 2041-42: Deposits Into Court[7]

Rule 67 allows a party to deposit money (or any deliverable item) with the court when the money or item is part of the relief sought. Subsection (b) of the Rule, working in conjunction with § 2041 and § 2042, dictates the manner in which the court should invest and withdraw the money or items once they are deposited. *See* FED. R. CIV. P. 67; 28 U.S.C. §§ 2041-42; Charles Allan Wright et al., 12 *Federal Practice and Procedure* §§ 2991-92, Westlaw (April 2018 update). The party seeking to deposit must give notice to every other party, and obtain leave of court to do so. FED. R. CIV. P. 67(a). The rule and its related statutes do not provide the court with the authority to order the depositing of funds. *Id.* ("[A] *party*...may deposit with the court all or part of the money or thing") (emphasis added); *Rogath v. Siebenmann*, 941 F. Supp. 416, 425 (S.D.N.Y. 1996), *vacated on other grounds*, 129 F.3d 261 (2d. Cir. 1997) ("The language of [] rule [67] does not provide the Court with authority to compel Defendant to deposit money with the Court."); *Guthartz v. Park Centre West Corp.*, No. 07-80334-CIV, 2008 WL 2949515, at *1 (S.D. Fla. July 29, 2008) ("[T]he plain language of [] rule [67]...only permits for a voluntary deposit of funds or thing.").

Defendant incorrectly contends § 2041 is "the statute that authorizes the deposit of disputed funds into the registry of the court" [D. 31, at 3]. The statute does no such thing; rather, it directs the court to deposit money with the Treasurer of the United States or a designated depositary *after* the money has reached the court. Only Rule 67 describes the manner in which funds may be deposited, and that rule does not give the court any power or discretion to order the involuntary deposit of funds.

---

[7] Defendants only cite 28 U.S.C. § 2041 as authority for this argument. Because this law only makes sense in the context of Fed. R. Civ. P. 67 and § 2042, the Court will discuss these authorities as well, for the sake of clarity and completeness.

### 2. *Weeks v. Fresh-Pic Produce Co.*

The only case-law Defendant provides for its argument that this Court can order the deposit of funds is an unreported slip opinion from the Southern District of California, *Weeks v. Fresh-Pic Produce Co.*, No. 08-CV-2058 (S.D. Cal. July 25, 2012) [D. 27, at 5; D. 31, at 2, 3]. By Defendant's telling, the district court in that case "den[ied] stay of execution under *Rule 62(d)* but requir[ed] amounts collected from judgment debtor to be paid into court pending outcome of judgment debtor's *appeal*" [D. 31, at 2]. This is false: The court ruled on a motion seeking stay of enforcement pending a *motion for reconsideration* under *Rule 62(b). Weeks,* slip op. at 1-2. The *Weeks* court did order any amounts recovered by plaintiffs on the judgment to be deposited with the court, but it cited no legal authority to support its decision. *Id.* at 2.

The *Weeks* ruling is not binding on this Court, and because it does not provide legal reasoning to explain the outcome, it has no persuasive value. Rule 62(b) is similar to 62(c), in the sense that it gives the court wide discretion to maintain the status quo pending a post-judgment motion in the same court. FED. R. CIV. P. 62(b); *see AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, No. 3:09-CV-255, 2012 WL 3745625, at *1-2 (M.D. Tenn. Aug. 28, 2012) (applying "broad discretion to stay execution" under 62(b), and balancing likelihood of success on merit, threat of irreparable harm, and public interest in coming to decision). As explained above, Rule 62(d), which applies here, gives this court a narrower rubric when deciding whether to grant a stay of execution pending appeal.

Because this Court finds it has no power to order the deposit of funds by one party upon the demand of the other party, it will not grant such an order in this case.

**III. CONCLUSION**

For the reasons set forth, Defendant's motion to effectively stay enforcement of the judgment and require payment of funds into Court [D. 27] is **DENIED** and the previous Memorandum Opinion and Order [D. 25] will remain in effect pending appeal.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**